UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE WILLIAMS,

       Plaintiff,

v.                                                          Case No. 08-12435
                                                            (Consolidated with Case No. 08-13395)
                                                            Honorable Patrick J. Duggan

MORGAN STANLEY & CO., INC.,
DAVID DARST, MICHAEL CHU, JOSEPH
MICHALAK, MATTHEW TURBULL,
JOSEPH GIRARDIN, TAAL ASHMANN[1],
SAM FLAM, KATHLEEN FITZGERALD, and
RONALD BULTMAN,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 24, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
              U.S. DISTRICT COURT JUDGE

Plaintiff, a former Financial Advisor at Defendant Morgan Stanley & Co., Inc.'s

office in Livonia, Michigan, initiated this action against Defendants alleging numerous

claims of race discrimination, hostile work environment, and retaliation under federal and

---

[1]The Court is *sua sponte* amending the caption of this matter to reflect what
Defendants indicate is the correct spelling of Defendant Taal Ashmann's name.  (Doc. 13
at 1 n.2).

1

state law and state law claims of breach of an express and implied contract, promissory estoppel, and intentional infliction of emotional distress.[2]  Defendants are Morgan Stanley & Co., Inc. ("Morgan Stanley") and several Morgan Stanley employees (collectively "Individual Defendants").

Morgan Stanley has responded to Plaintiff's First Amended Consolidated Complaint (hereafter "amended complaint") with a motion to strike portions of the amended complaint and partial motion to dismiss (Doc. 11), filed pursuant to Rules 12(b)(6) and (f) of the Federal Rules of Civil Procedure.  The Individual Defendants have responded by filing a partial motion to dismiss (Doc. 12), also pursuant to Rule 12(b)(6). Both motions have been fully briefed and are pending before this Court.  On March 4, 2009, the Court issued a notice, informing the parties that it is dispensing with oral argument with respect to the motions pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

## I.    <u>Applicable Standards</u>

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a court, on its own initiative or on motion by a party, "may strike from a pleading an insufficient defense or

---

[2]Plaintiff has two lawsuits pending before this Court: (1) Case No. 08-12435, which Plaintiff filed here on June 6, 2008; and (2) Case No. 08-13395, which consists of Plaintiff's individual claims from a class action lawsuit filed against Defendant Morgan Stanley that were transferred to this court from the United States District Court for the Northern District of California on August 5, 2008.  Pursuant to a stipulated order entered October 15, 2008, both actions were consolidated and Plaintiff was directed to file one consolidated amended complaint.

any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Sixth Circuit Court of Appeals has advised that "the action of striking a pleading should be sparingly used . . . and is a drastic remedy to be resorted to only when required for the purpose of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (1953) (citations omitted).  The court further advised that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Reviewing a motion to dismiss, "the [c]ourt must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct 1955, 1974 (2007)).  In other words, "[the] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Bledsoe*, 501 F.3d at 502 (quoting

3

*Twombly*, 127 S. Ct. at 1964-65).

## II.   <u>Analysis</u>

### A.   **Morgan Stanley's Motion to Strike**

Morgan Stanley asks the Court to strike Exhibit A to Plaintiff's amended complaint: the complaint in a class action lawsuit filed against Morgan Stanley in the United States District Court for the Northern District of California in which Plaintiff was a named plaintiff ("California lawsuit").  Plaintiff's individual claims in the California lawsuit were transferred to this court and consolidated with the present matter pursuant to a stipulated order entered on October 15, 2008. Morgan Stanley argues that Plaintiff's attachment of the complaint from the California lawsuit to her amended complaint is contrary to this Court's consolidation order, which directed Plaintiff to file "one amended complaint consolidating all claims in the consolidated action . . ." (Doc. 9).  Morgan Stanley further argues that "[t]o the extent that the earlier allegations mirror the instant complaint, they are redundant; and to the extent they set forth facts related to claims not pled in the instant complaint, they are immaterial." (Doc. 11 at 20-21).

Plaintiff responds that the allegations in the complaint in the California lawsuit are relevant to the pending lawsuit because "[her] participation as a named plaintiff in [that action], and the facts and circumstances surrounding her participation in that lawsuit, are intertwined with and even form the basis for many of the claims she alleges in the instant action."  (Doc. 18 at 9).  Plaintiff further argues that the Court's consolidation order did not prohibit her from attaching the complaint from the California lawsuit to her amended

4

complaint in the present matter.

This Court concludes that the complaint in the California lawsuit should be stricken as an exhibit to Plaintiff's amended complaint. While some of the allegations in the earlier complaint are relevant to Plaintiff's pending lawsuit, she has repeated many of those allegations already in her forty-three page, 188 paragraph amended complaint and thus the earlier allegations are redundant. Other allegations in the earlier complaint are immaterial to Plaintiff's claims in the present lawsuit. More significantly, however, the Court directed Plaintiff to present "one amended complaint incorporating all claims in the consolidated action . . ." Instead, Plaintiff has filed an amended complaint that "incorporates by reference the allegations and counts from [the complaint in the California lawsuit]." (Am. Compl. at ¶ 6). As a result, Plaintiff is essentially presenting two complaints against Morgan Stanley.[3] The Court believes that this creates unnecessary confusion as to what claims Plaintiff specifically is alleging against Morgan Stanley in the pending action.

Morgan Stanley also asks the Court to strike certain paragraphs of Plaintiff's amended complaint that contain "pattern and practice allegations" of discrimination. Morgan Stanley argues that "[t]he Sixth Circuit does not permit a pattern-or-practice method of proving discrimination for individual plaintiffs." (Doc. 11 at 22). While Morgan Stanley is correct, *see Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th

---

[3]Morgan Stanley is the only defendant named in the California lawsuit.

5

Cir. 2004), "pattern-or-practice evidence may be relevant to proving an otherwise-viable claim for disparate treatment . . ." *Id.* Thus this Court does not conclude that the pattern-or-practice allegations in Plaintiff's complaint should be stricken.

### B.     Defendants' Motions to Dismiss

#### 1.     Plaintiff's Claim of Racial Steering, Racial Redlining or Differential Treatment under 42 U.S.C. § 1981 Against Morgan Stanley, Joseph Michalak, Michael Chu, Matthew Turnbull, David Darst, and Taal Ashmann (Count VII)

Defendants seek dismissal of Count VII of Plaintiff's amended complaint, arguing that she lacks standing to assert the claim. Specifically, Defendants argue in their motions that claims of racial steering, racial redlining or differential treatment under 42 U.S.C. § 1981 require proof that the defendant(s) discriminatorily interfered with *the plaintiff's right* to make contracts. Defendants indicate that Plaintiff does not allege that she personally sought to make or enforce a contract for Morgan Stanley's services. Defendants further argue that Plaintiff cannot assert the rights of clients or prospective clients to contract with Morgan Stanley.

Plaintiff responds that she only needs to show that Defendants discriminatorily interfered with her right to make contracts, not that the contracts had to be for Morgan Stanley's services. Plaintiff argues that she sufficiently alleges in her amended complaint that Defendants interfered with her right to contract with prospective African American clients. Plaintiff further argues that a plaintiff has standing to bring a § 1981 action based on a defendant's retaliation against the plaintiff for her support of minorities.

6

While Plaintiff's last argument is supported by the Sixth Circuit's decision in *Johnson v. University of Cincinnati*, 215 F.3d 561, 575 (2000), the allegations in Count VII of Plaintiff's amended complaint do not mention retaliation based on Plaintiff's support of minorities.[4]  (*See* Am. Compl. at ¶¶ 122-27).  Similarly, as Defendants point out, Plaintiff fails to allege that Defendants interfered with her right to *contract with* minority clients.  Instead, Plaintiff only alleges that she was denied the opportunity "to *service*" African-American clients.  (*Id*. at ¶ 75).  The allegations set forth in Count VII of Plaintiff's amended complaint in fact do not mention an impairment of Plaintiff's contractual rights but only speak to the rights of clients to contract for Morgan Stanley's products and services.  (*See id*. at ¶¶ 122-27).  The Supreme Court has made it clear that "[a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship,' . . . under which *the plaintiff* has rights."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1249 (2006) (emphasis added).

The Court therefore concludes that Count VII of Plaintiff's amended complaint fails to state a claim upon which relief can be granted.  Thus the Court dismisses the claim.

---

[4]Plaintiff asserts a claim of retaliation pursuant to § 1981 in Count V of her amended complaint, in which she alleges that Defendants retaliated against her for "engag[ing] in protected activity by opposing and complaining of conduct that violated Section 1981, and for her participation in [the California] lawsuit . . ."  (Am. Compl. ¶ 112).  It appears that these allegations also encompass Plaintiff's assertion in response to Defendants' motions that she was discharged for supporting minorities in violation of § 1981.

    **2.**      **Plaintiff's Claim of Conspiracy Under 42 U.S.C. § 1985 Against All Defendants (Count VIII) and Under Michigan's Elliott-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*, Against Morgan Stanley, Chu, Michalak, Turnbull, Darst, and Ashmann (Count XI)**

In Counts VIII and XI of her amended complaint, Plaintiff alleges that Defendants conspired to discriminate and retaliate against her on account of her race in violation of § 1985 and Michigan's Elliott-Larsen Civil Rights Act ("Elliott-Larsen"). Defendants move to dismiss both counts, arguing that Plaintiff only sets forth conclusory allegations to establish a "meeting of the minds" and only identifies Morgan Stanley employees as conspirators. Defendants argue that, in most cases, a conspiracy cannot exist among employees of a single entity pursuant to the "intracorporate conspiracy doctrine."

To establish her claim under § 1985, Plaintiff must prove the following: (1) a conspiracy involving two or more persons (2) for the purpose of depriving her, directly or indirectly, of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to Plaintiff or her property, or a deprivation of any right or privilege of a citizen of the United States.[5] *See Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (citation omitted). With respect to the first element, it is well established that a corporation cannot conspire with its own agents or employees:

_____

[5]The elements of Plaintiff's conspiracy claim under Elliott-Larsen are similar. *See Pineau v. Comau Pico*, No. 03-74708, 2006 WL 846750, at *7 (E.D. Mich. 2006) (unpublished opinion).

> "It is basic in the law of conspiracy that you must have two
> persons or entities to have a conspiracy. A corporation cannot
> conspire with itself any more than a private individual can,
> and it is the general rule that the acts of the agent are the acts
> of the corporation."

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 509 (6th

Cir. 1991) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th

Cir. 1952)); *Tropf v. Holzman & Holzman*, Case Nos. 257019, 257843, 2006 WL 120377,

at *2 (Mich. Ct. App. Jan. 17, 2006) (unpublished opinion). Nevertheless, the Sixth

Circuit and Michigan courts have adopted an exception to this rule where the challenged

actions of a corporation's employees fall outside the scope of their employment. *Johnson

v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 840 (6th Cir. 1994); *Blair v. Checker Cab Co.*,

219 Mich. App. 667, 674, 558 N.W.2d 439, 442-43 (1996).

As the Sixth Circuit explained in *Johnson*:

> The intracorporate conspiracy doctrine, if applied too broadly,
> could immunize all private conspiracies from redress where
> the actors coincidentally were employees of the same
> company. Aware of this possibility, courts have created a
> "scope of employment" exception that recognizes a
> distinction between collaborative acts done in pursuit of an
> employer's business and private acts done by persons who
> happen to work at the same place.

40 F.3d at 840. Thus a conspiracy could be established "if the employees' actions were

solely the result of personal bias" and "the aim of the conspiracy exceeds the reach of

legitimate corporate activity." *Id.* (citing *Harman v. Bd. of Trustees of Cmty. College

Dist. No. 508, Cook County, Ill.*, 4 F.3d 465, 470 (7th Cir. 1993)).

9

At this stage of the proceedings, the Court believes that Plaintiff alleges sufficient facts to state a conspiracy claim under § 1985 and Elliott-Larsen.  Plaintiff alleges that "Defendants, through their concerted action, conspired to alter the terms and conditions of [her] employment by discriminating and retaliating against [her] on account of her race, and for her opposing and complaining of discriminatory actions . . ."  (Am. Compl. ¶ 130).  Further, throughout her complaint, Plaintiff alleges various acts by individuals that she claims were done for the purpose of discriminating and retaliating against her in furtherance of this conspiracy and that these acts caused injury to her.  Finally, while it appears to the Court that Plaintiff alleges some unlawful conduct by Defendants undoubtedly done in pursuit of Morgan Stanley's business (such as co-opting Plaintiff's business plan and taking certain business opportunities from Plaintiff), she alleges some acts that could be found to have been committed outside the scope of her co-workers' employment (e.g. racially charged and offensive conduct and comments that Plaintiff alleges created a hostile work environment).

Thus the Court cannot conclude at this time that Plaintiff cannot demonstrate an actionable conspiracy in violation of § 1985 or Elliott-Larsen..  As such, it denies Defendants' motions to dismiss Counts VIII and XI of Plaintiff's amended complaint.

### 3.    Plaintiff's Breach of Express Contract Claim Against Morgan Stanley (Count XIII)

Morgan Stanley seeks dismissal of Plaintiff's breach of contract claim, arguing that she fails to identify any specific contract between herself and Morgan Stanley, the

10

terms of the contract, or the terms breached.  Plaintiff, however, is not required to set

forth "detailed" factual allegations to satisfy Federal Rule of Civil Procedure 8(a) and the

Court finds the factual allegations in Plaintiff's amended complaint sufficient "to raise a

right to relief above the speculative level" and to provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action . . ."

*Twombly*, 127 S. Ct at 1964-65.

In order to state a claim for breach of contract under Michigan law, a plaintiff must

plead the following: (1) the existence of a contract between the parties, (2) that the terms

of the contract require performance of certain actions, (3) that a party breached the

contract, and (4) that the breach caused the other party injury.  *Webster v. Edward D.*

*Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999).  As highlighted in her response to

Morgan Stanley's motion, Plaintiff's amended complaint contains the following

allegations with respect to these elements:

> ¶ 168. Morgan Stanley entered into certain oral and written
> contracts with Plaintiff, whose terms are set forth in
> written instruments, oral promises, practices of
> customary conduct, employee handbooks, and Firm
> policies, among other things.  These contracts
> governed and created obligations to Plaintiff and other
> employees regarding leads, referrals, account
> distributions, training, business conduct, anti-
> discrimination, equal employment opportunities, and
> other aspects of Plaintiff's employment.

> ¶ 169. These contracts required Morgan Stanley's compliance
> with their terms and with federal and state civil rights
> laws.

11

¶ 170.  Morgan Stanley breached these contracts by engaging in the conduct described herein and by otherwise failing to perform its obligations under these agreements and the laws set forth in this Complaint.

¶ 171.  Morgan Stanley's breaches of these agreements caused Plaintiff substantial harm.

(Am. Compl. ¶¶ 169-171.)  Citing *Dolan v. Cont'l AirLines/Cont'l Express*, 454 Mich. 373, 384-86, 563 N.W.2d 23, 29 (1997), Morgan Stanley maintains that Plaintiff's reference to "employee handbooks and firm policies" is insufficient to establish a contract between the parties.  As the Michigan Supreme Court expressly stated in *Dolan*, however, under certain circumstances "company policies and procedures *may* become an enforceable part of an employment relationship . . ."  *Id.* at 384, 563 N.W.2d at 17 (citing *Rood v. Gen. Dynamics Corp.*, 444 Mich. 107, 117-118, 507 N.W.2d 591 (1993)).  Thus the Court concludes that Plaintiff sets forth sufficient allegations in her amended complaint to state a viable breach of contract claim.

### 4.    Plaintiff's Claim of Promissory Estoppel and Detrimental Reliance Against Morgan Stanley, Chu, and Bultman (Count XIV)

Plaintiff alleges a promissory estoppel and detrimental reliance claim against Morgan Stanley and Individual Defendants Chu and Bultman.  Defendants seek dismissal of this claim, contending that Plaintiff fails to adequately allege the elements of her claim.

To state a claim for promissory estoppel or detrimental reliance, a plaintiff must plead: "(1) . . . a promise (2) that the promisor should have reasonably expected to induce action of a definite and substantial character on the part of the promisee (3) which in fact

12

produces reliance or forbearance of that nature and (4) under circumstances such that the promise must be enforced if injustice is to be avoided." *Barber v SMH, Inc.*, 202 Mich. App. 366, 376, 509 N.W.2d 791, 797 (1993) (citing *Martin v. East Lansing Sch. Dist.*, 193 Mich. App. 166, 178, 483 N.W.2d 656 (1992)).  As with her breach of express contract claim, Plaintiff alleges sufficient facts to establish each of these elements. (*See* Am. Compl. ¶¶ 172-76).  Plaintiff's allegations are sufficient to "'give [Defendants] fair notice of what [Plaintiff's] . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2107, 2200 (2007) (quoting *Twombly*, 127 S. Ct. at 1964).

The Court therefore denies Defendants' request to dismiss Plaintiff's promissory estoppel and detrimental reliance claim.

### 5.	Plaintiff's Breach of Implied Contract and Unjust Enrichment Claim Against Morgan Stanley, Bultman, Michalak, Joseph Girardin, and Sam Flam (Count XV)

In Count XV of her amended complaint, Plaintiff asserts a breach of implied contract and unjust enrichment claim against Morgan Stanley and Individual Defendants Bultman, Michalak, Joseph Girardin, and Sam Flam.  "The basis for a claim of unjust enrichment follows from a contract implied-in-law.  This implied contract is 'imposed by fiction of law' and is intended to enable justice to be accomplished even in cases where no contract was intended." *Trinc, Inc. v. Radial Wheel LLC*, Case No. 07-12488, 2009 WL 536526, at *8 (E.D. Mich. Mar. 3, 2009) (citing *Cascaden v. Magryta*, 247 Mich. 267, 225 N.W. 511, 512 (1929)).  The law implies a contract where the plaintiff

13

demonstrates the following: "(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Barber*, 202 Mich. App. at 375, 509 N.W.2d at 796. The defendant's mere receipt of a benefit belonging to the plaintiff is not enough to state a claim, the circumstances must make it unjust for the defendant to retain the benefit:

> Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, *as between the two persons*, it is unjust for him to retain it. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor . . .

*Estate of McCallum*, 153 Mich. App. 328, 335, 395 N.W.2d 258, 261 (1986) (emphasis added) (citation omitted).

Plaintiff alleges the following in support of her breach of implied contract and unjust enrichment claim:

- "Morgan Stanley, Chu, and Bultman, [sic] agreed to provide . . . an equitable share of the clients and compensation generated from her business plan. . . ."

- "Plaintiff provided her business plan to Turnbull and Darst with the understanding that she would benefit from any use of the plan. Plaintiff understands that her plan was used and generated revenue but she received no credit or compensation."

- After Plaintiff developed client opportunities, "Morgan Stanley and its management removed Plaintiff from the accounts and gave them to Flam, Girardin and [Bultman]."

- "Morgan Stanley, Bultman, Michalak, Girardin, and

14

> Flam received client accounts, compensation and/or
> other benefits to which Plaintiff was entitled, at least in
> part, but did not receive."

(Am. Compl. ¶¶ 177-181).  These allegations fail to state a viable breach of implied

contract claim against Morgan Stanley, Michalak, Girardin, and Flam; however, Plaintiff

does allege sufficient facts to state a claim against Bultman.

With respect to Michalak, Girardin, and Flam, Plaintiff does not allege that *they*

induced her to provide her business plan or removed her from the accounts she developed

or that they received any benefit directly from Plaintiff.  With respect to Morgan Stanley,

as the company asserts, Plaintiff's claim is "illogical" because client accounts and the

revenue received from those accounts belong first to it.  Plaintiff, however, alleges

sufficient facts to establish that Bultman received benefits that belonged to Plaintiff and

that it was Bultman's conduct, at least in part, that induced Plaintiff to provide the plan

that generated those benefits.

Accordingly, at this stage of the proceedings, the Court will dismiss Plaintiff's

implied contract and unjust enrichment claim against Morgan Stanley, Michalak, Girardin

and Flam, but not Bultman.

### 6.     Plaintiff's Intentional Infliction of Emotional Distress Claim Against Morgan Stanley, Turnbull, Chu, Girardin, Michilak, and Ashmann (Count XVI)

Plaintiff asserts a claim of intentional infliction of emotional distress against

Morgan Stanley, Turnbull, Chu, Girardin, Michilak, and Ashmann.  To state this claim,

Plaintiff must plead the following: (1) extreme and outrageous conduct; (2) intent or

15

recklessness; (3) causation; and (4) severe emotional distress.  *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985).  Defendants seek dismissal of this claim, arguing that Plaintiff fails to adequately plead the first and last elements.  More specifically, Defendants argue that Plaintiff fails to allege conduct by each Individual Defendant against whom this claim is brought that is sufficient to be considered "extreme and outrageous."  Defendants also argue that Plaintiff only asserts conclusively that she suffered severe emotional distress as a result of Defendants' alleged misconduct.  Morgan Stanley also argues that, even if Plaintiff can demonstrate that an Individual Defendant committed this tort, it is not liable for the conduct of its employees committed outside the scope of their employment.

Plaintiff's allegations are sufficient under Rule 8(a) to state a claim for intentional infliction of emotional distress.  As one district court judge has explained:

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim.  To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . This standard requires the claimant only to put forth enough facts to raise a reasonable expectation that discovery will reveal evidence of the requisite elements of the claim.

*In re Ford Motor Co. ERISA Litigation*, 590 F. Supp. 2d 883, 887 (E.D. Mich. 2008) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) and *Twombly*, 127 S. Ct. at 1965) (internal quotation marks and citations omitted).  As this standard provides, to survive a motion to dismiss, Plaintiff was not required to plead every act by Defendants

16

that she may offer (after given the opportunity to conduct discovery) to demonstrate that they engaged in "extreme and outrageous conduct"; nor did she need to detail at this time the emotional distress that she allegedly suffered.  Plaintiff only needed to allege enough facts to put Defendants on notice of what her claim is and the grounds upon which it rests. *See supra*.  Plaintiff satisfies this standard by providing examples of the discriminatory treatment she allegedly endured and by alleging that she suffered extreme emotional distress as a result.

With respect to Morgan Stanley, there are exceptions to the general rule that an employer is not liable for the intentional torts of its employees.  *See, e.g., Zsigo v. Hurley Med. Ctr.*, 475 Mich. 215, 221, 716 N.W.2d 220, 223 (2006) (quoting 1 RESTATEMENT (SECOND) OF AGENCY § 219(2) (2008)).  One exception arises where the employee's tortious conduct was committed within the scope of his or her employment.  *Id*.  Plaintiff alleges discriminatory conduct by Morgan Stanley employees that the trier of fact could find to be within the scope of their employment or pursuant to the company's alleged discriminatory policies.  (*See, e.g.*, Am. Compl. ¶¶ 27-28, 54, 69).

For these reasons, the Court will not dismiss Plaintiff's intentional infliction of emotional distress claim.

### 7. Plaintiff's Claims of Race Discrimination, Retaliation, and Hostile Work Environment Under 42 U.S.C. § 1981 Against All Defendants (Counts IV-VI) or Under Elliott-Larsen Against Morgan Stanley, Chu, Michilak, Turnbull, Darst, and Ashmann (Counts IX, X, and XII)

Defendants seek dismissal of Plaintiff's race discrimination, retaliation, and hostile

17

work environment claims pursuant to § 1981 and Elliott-Larsen against Defendants Darst,

Ashman, Girardin, Flam, Fitzgerald, and Bultman.  Defendants argue that there is no

liability under these statutes for individuals who do not exercise supervisory authority

over the plaintiff and that the allegations in Plaintiff's amended complaint demonstrate

that these individuals were not her supervisors.  Citing several cases, Plaintiff responds

that individual liability exists under § 1981, regardless of whether the defendant

supervised the plaintiff.  (Doc. 17 at 8-9.)  With respect to her claim under Elliott-Larsen,

Plaintiff does not dispute that individual liability extends only to supervisors.  Plaintiff

argues, however, that she sufficiently alleges that Ashmann and Darst had supervisory

authority over her.

A number of courts have recognized a claim under § 1981 against individual

defendants, but only where those individuals exercised supervisory authority over the

plaintiff.  *See, e.g.*, *Miller v. Wachovia Bank*, 541 F. Supp. 2d 858 (N.D. Tex. 2008);

*Tnaib v. Document Technologies, LLC*, 450 F. Supp. 2d 87 (D.D.C. 2006); *Hicks v. IBM*,

44 F. Supp. 2d 593 (S.D.N.Y. 1999).  In fact in *Hicks*, the District Court for the Southern

District of New York specifically indicated that it was denying the defendants' motion to

dismiss because the plaintiff pleaded that the defendants exercised supervisory authority

over her and it was bound to accept the plaintiff's allegations as true in deciding the

defendants' motion.  44 F. Supp. 2d at 595, 597-98.  However, the court specifically

warned: "Individual liability under § 1981 is not without limits.  In each of the cases that

have allowed individual liability, the individuals have been supervisors who were

18

personally involved in the discriminatory activity." *Id.* at 594 (citing cases).

The courts did not hold otherwise in almost every case cited by Plaintiff, as the courts' decisions in those cases indicate that the defendants were individuals who exercised supervisory authority over the plaintiffs. *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (§ 1981 claim brought by employees of restaurant owned by corporation of which the individual defendants were the owners and shareholders); *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978 (10th Cir. 1991) (§ 1981 claim brought by school guidance counselor against school principal); *Al-Khazraji v. St. Francis Coll.*, 784 F.2d 505 (3d Cir. 1986) (§ 1981 claim brought by professor against tenure committee members who recommended denial of tenure); *Faraca v. Clements*, 506 F.2d 956 (5th Cir. 1975) (action against director of mental retardation center based on refusal to employ the plaintiff). The only exceptions are the district court's decision in *Nieto v. UAW Local 598*, 672 F. Supp. 987 (E.D. Mich. 1987), and possibly the Sixth Circuit's decision in *Jones v. The Continental Corporation*, 789 F.2d 1225 (6th Cir. 1986). The Sixth Circuit's opinion in *Jones*, however, fails to identify the individual defendants sued or their positions.[6] Thus it is unclear whether the Sixth Circuit would find liability under § 1981 for individuals lacking supervisory authority over the plaintiff. With respect to *Nieto*, in light of the overwhelming contrary authority and the absence of

---

[6]Additional court decisions in *Jones* fail to identify the individual defendants and their positions. *See* No. 84-5658, 1986 WL 16389 (6th Cir. Jan. 27, 1986); No. 82-3572, 1984 48991 (M.D. Tenn. Jun. 29, 1984).

19

any case (as far as this Court was able to identify) reaching the same conclusion, this Court is not inclined to follow its holding.  Thus this Court concludes that Plaintiff cannot state a claim under § 1981 against those Individual Defendants who lacked supervisory authority over her.

With respect to Plaintiff's claim under Elliott-Larsen, liability is expressly limited in the statute to "employers," although the statute includes "agents" in its definition of "employer."  MICH. COMP. LAW § 37.2201(a).  The Michigan courts have defined an "agent" in this context as "persons to whom an employing entity delegates supervisory power and authority to act on its behalf . . ."  *Elezovic v. Bennett*, 274 Mich. App. 1, 10, 731 N.W.2d 452, 458 (2007).

In her amended complaint, Plaintiff alleges that Chu, Michalak, Turnbull, Darst and Ashmann had supervisory power and authority.  Thus the Court will not dismiss Plaintiff's § 1981 and/or Elliott-Larsen claims against these individuals.[7]  Plaintiff, however, fails to allege that Girardin, Flam, Fitzgerald, or Bultman possessed supervisory power and authority and thus the Court dismisses Plaintiff's § 1981 claims against them.[8]

### III.   **Summary**

As set forth above, the Court strikes Exhibit A to Plaintiff's amended complaint

---

[7]Apparently acknowledging that they were Plaintiff's supervisors, Defendants in fact do not move to dismiss Plaintiff's claims against Chu, Michalak, or Turnbull.

[8]Plaintiff does not assert her Elliott-Larsen claim against these Individual Defendants.

but finds no reason to strike the paragraphs in the amended complaint in which Plaintiff asserts pattern and practice allegations.  The Court holds that Plaintiff fails to state a claim upon which relief may be granted for racial steering, racial redlining, and differential treatment pursuant to § 1981 (Count VII).  The Court, however, concludes that Plaintiff alleges a viable claim of conspiracy under § 1985 and Elliott-Larsen (Counts VIII and XI), breach of express contract (Counts XIII), promissory estoppel (Count XIV), and intentional infliction of emotional distress (Count XVI).  With respect to Plaintiff's breach of implied contract claim (Count XV), Plaintiff fails to state a claim upon which relief may be granted against Morgan Stanley, Michalak, Girardin, and Flam; however, Plaintiff states a viable claim against Bultman.  As to Plaintiff's claims of race discrimination, retaliation, and hostile work environment under § 1981 against all Defendants (Counts IV-VI), the Court concludes that Plaintiff fails to state a claim upon which relief may be granted against Defendants Girardin, Flam, Fitzgerald, and Bultman.  Plaintiff states a viable claim, however, against Morgan Stanley, Darst, Chu, Michalak, Turnbull, and Ashmann.  Plaintiff's similar claims under Elliott-Larsen against these Defendants (Counts IX, X, and XII) also survive the Individual Defendants' motion to dismiss.

Accordingly,

**IT IS ORDERED**, that Morgan Stanley's motion to strike and partial motion to dismiss is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that the Individual Defendants' partial motion to

dismiss is **GRANTED IN PART AND DENIED IN PART**;

     **IT IS FURTHER ORDERED**, that Exhibit A to Plaintiff's amended complaint is

**STRICKEN** and Count VII is **DISMISSED**.

                          <u>s/PATRICK J. DUGGAN</u>
                          UNITED STATES DISTRICT JUDGE

Copies to:
Linda D. Friedman, Esq.
David M. Blanchard, Esq.
Barry A. Hartstein, Esq.
Cameron J. Evans, Esq.