## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DENISE WILLIAMS

                Plaintiff,

v.

MORGAN STANLEY & CO., INC.
DAVID DARST, MICHAEL CHU, JOSEPH
MICHALAK, MATTHEW TURNBALL,
JOSEPH GIRARDIN, TAAL ASHMAN,
SAM FLAM, KATHLEEN FITZGERALD,
AND RONALD BULTMAN

                Defendants.

                        /

Case No. 08-cv-12435
Hon. Patrick J. Duggan
Mag. Judge Virginia M. Morgan

**JURY TRIAL DEMANDED**

Linda D. Friedman
Suzanne E. Bish
Jennifer S. Gilbert
Stowell & Friedman, Ltd.
Attorneys for Plaintiff
321 S. Plymouth Court, Suite 1400
Chicago, IL 60604
(312) 431-0888

David M. Blanchard (P67190)
Nacht & Associates, P.C.
Attorneys for Plaintiff
101 North Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550

Mark S. Dichter
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000

Barry A. Hartstein
Andrew Scroggins
Morgan, Lewis & Bockius LLP
Attorneys for Defendant
77 West Wacker Drive
Chicago, IL 60601
(312) 324-1000

Cameron J. Evans (P47276)
Tara E. Mahoney (P68697)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Defendant
660 Woodward Avenue, Ste. 2290
Detroit, MI 48226
(313) 465-7370

## AGREED PROTECTIVE ORDER

Pursuant to the agreement of counsel, it is hereby ordered that:

1.      The purpose of this Protective Order is to limit the publication of the following categories of information disclosed during the course of the above-captioned case, (the "Litigation"):

(a)      Trade secrets;

(b)      Confidential and proprietary business and employee information, including:

(i)      Financial, business or personal information pertaining to Morgan Stanley's clients and their accounts, and documents that contain such information or that are derived directly or indirectly from such information (including but not limited to data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports);

(ii)      Financial, business, medical or personal information pertaining to current or former Morgan Stanley employees and/or applicants for employment, and documents that contain such information or that are derived directly or indirectly from such information (including but not limited to data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports) so long as the underlying data is confidential and its aggregation would also discloses confidential data, except that which is expressly excluded from the definition of "Confidential information" in Paragraph 2 below; and

(iii)      Strategic and business planning information, including customer development and other business development initiatives, if its disclosure would, in the determination of Morgan Stanley, place Morgan Stanley at a competitive disadvantage.

2.      "Confidential Information" shall not include data aggregations, statistical compilations, analyses, charts, graphs, summaries or reports that are prepared based on the Confidential Information or produced by either Party to this Litigation that concern Paragraph 1(b)(ii), including but not limited to the following categories of information:

(a)      The amount or percentage of any difference in the composition, firing, teaming, retention, termination, promotion, compensation or quartile levels of Morgan Stanley Financial Advisors based upon their racial composition; and

(b)      The amount or percentage of any difference in the distribution of account transfers, account distributions, and IPO allocations among Financial Advisors based upon their racial composition, provided that: (1) the aggregated data does not contain any individual identifying information and the size or scope of the information presented is sufficiently large to prevent the disclosure of individual identifying information; or, (2) the aggregated data is not a compilation of gross revenues, earnings, or compensation of Financial Advisors of an individual branch office or complex and so long as the underlying data is confidential and its aggregation would also discloses confidential data.

3.      Any document, exhibit, or portions of interrogatory responses, and any copies thereof which contain Confidential Information may be designated by the producing Party as "Confidential" by prominently printing, stamping or writing the word "Confidential" on the document or exhibit, or by specifically identifying the confidential portions of the interrogatory responses prior to its delivery by the producing Party, or by re-producing and so designating the same as "Confidential" in a letter to opposing counsel within a reasonable time after such production.  Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Protective Order.  At the request of either Party,

any portion of deposition testimony of any person, and any exhibits relating to such testimony, which contain Confidential Information, shall be designated as "Confidential" and separately identified as "Confidential" in the deposition transcript. Any document, portions of interrogatory responses, deposition testimony, transcript or exhibit designated as Confidential in accordance with the provisions of this Paragraph 3 (all of the foregoing are collectively referred to as "Confidential Material") shall be subject to the terms of this Protective Order.

4. Unless otherwise agreed by the Parties in writing or ordered by the Court, Confidential Material shall not be disclosed directly or indirectly by the person to whom such material is produced to anyone other than the following persons:

(a) Plaintiff, provided that she has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made and that no copies of Confidential Material are given to Plaintiff, except that Plaintiff need not execute Exhibit A in order to be shown confidential documents that solely relate to her;

(b) The Individual Defendants, provided that each Individual Defendant has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made and that no copies of Confidential Material are given to any of the Individual Defendants, except that none of the Individual Defendants need execute Exhibit A in order to be shown confidential documents that solely relate to him or her;

(c) Counsel for the Parties to this action (including in-house counsel), Officers, Directors, and agents of Morgan Stanley, and employees and agents of counsel for the Parties engaged in the Litigation of this action, provided, however, that counsel are responsible for ensuring that their employees and agents do not violate the terms of this Protective Order;

(d)      Employees of Morgan Stanley involved in the Litigation, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made;

(e)      Any judicial officer of the United States District Court for the Eastern District of Michigan or any appellate court, and the judicial officer's clerks, court reporters and other staff members as the officer deems appropriate, provided, however, that prior to the filing of any Confidential Material with the Court, the Party seeking to file the Confidential Material shall seek an order permitting the filing under seal;

(f)      Any person or persons retained as consultants or experts by any Party solely for purposes of this Litigation, and principals and employees of the firms with which consultants or experts are associated, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made; and

(g)      Any other person not specified above (except for current employees of Morgan Stanley) whose testimony is given at a deposition in this action or who is called as a witness at a hearing or trial of this action, to the extent said person has a need for access to the Confidential Material in order to testify, provided that the person has signed the acknowledgment attached hereto as Exhibit A before any disclosure is made unless otherwise ordered by the Court.  If it is necessary to disclose Confidential Material to a third party deponent in the course of a deposition who has not previously signed Exhibit A, prior to disclosing the Confidential Material to that witness, she or he will be required to read and sign the undertaking attached hereto as Exhibit B.

5.      Any Party may designate especially-sensitive Confidential Material, including, but not limited to, data and documents relating to and/or identifying specific current or former

employees or clients of Morgan Stanley, as being produced for "Attorneys' Eyes Only" (hereinafter referred to as "Highly Confidential Material"). This designation shall be made as sparingly as possible. Where the marking or designation of documents, testimony, pleadings, or other materials is required under Paragraph 3, above, a legend bearing the words "ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "Confidential." Confidential Material that is designated "ATTORNEYS' EYES ONLY" may not be disclosed to any individuals identified in Paragraph 4, above, except as follows:

(a)     The Parties' counsel of record in this action (including support staff as reasonably necessary) and in-house counsel for Morgan Stanley;

(b)     Experts or consultants retained to assist counsel of record in this action;

(c)     Plaintiff provided that the Highly Confidential Material disclosed to her refers solely to her;

(d)     The Individual Defendants, provided that the Highly Confidential Material disclosed to each or any Individual Defendant refers solely to the specific Individual Defendant to whom it is being shown; and

(e)     Any judicial officer of the United States District Court for the Eastern District of Michigan or any appellate court, and the judicial officer's clerks, court-reporters and other staff members as the officer deems appropriate provided, however, that prior to the filing of any Highly Confidential Material in Court, the party seeking to file the Highly Confidential Material shall seek an order permitting the filing under seal.

6.     If a third party wants to designate anything as "Confidential" or "ATTORNEYS' EYES ONLY," then it may do so pursuant to the terms and provisions of this Protective Order.

7.      A Party may, in good faith, object to the designation of any document or specific information as Confidential Material or Highly Confidential Material by stating its objection in writing, which specifies (by Bates numbers if available) the document or information challenged, (or, where appropriate, by reasonably-defined categories of documents or information challenged) and includes a statement of the legal or factual basis for each objection, to the Party or third party making the designation, and it shall make a good faith effort to resolve the dispute with counsel for the Party or third party so designating the document or information.  If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether or not such document is Confidential Material or Highly Confidential Material.  The issuance of this Protective Order will not be given binding effect as a determination of good cause for purposes of Rule 26(c) of the Federal Rules of Civil Procedure if either Party moves for relief from the limitations of this Protective Order.  The Parties further acknowledge that, in connection with any such motion, the Court will engage in an appropriate balancing of the interests between privacy and public access in order to make a new determination of good cause in light of the facts then before the Court.  Pending a final ruling by the Court on a motion for relief from this Protective Order, the initial designation and the terms of this Protective Order shall remain in effect.

8.      When there is a disclosure of Confidential Material to someone in paragraph 4(a), 4(d),4(f), or 4(g), counsel for the disclosing Party shall retain copies of the executed acknowledgment in its files.

9.      Any third party witness who refuses to sign the acknowledgment, as specified in Paragraph 4(f), above, may not be questioned at a deposition regarding Confidential Material or Highly Confidential Material absent the agreement of the Party producing the Confidential

Material and Highly Confidential Material, but such deposition may be adjourned so that relief from this Order may be sought.  To the extent that a Party knows that a testifying witness, whether in a deposition or a hearing, will not sign the acknowledgment before the date that the witness is expected to testify, that Party will provide the other Party with reasonable notice of not less than five business days and will endeavor to obtain the Court's resolution of the issue in the intervening period.  If the Party learns, less than five business days before testifying, that the witness will not sign the acknowledgment then that Party shall provide such notice immediately upon learning that the witness will not sign the acknowledgment.

10.    Persons receiving Confidential Material or Highly Confidential Material shall use such material only for the purposes of the prosecution and/or defense of this action, and for any appeal thereof, and for no other purpose, and no person receiving any Confidential Material or Highly Confidential Material shall disclose such material to any person other than those described in Paragraph 4 and Paragraph 5 herein.

11.    In the event of accidental or inadvertent disclosure of another Party's Confidential Material or Highly Confidential Material, other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify counsel for the disclosing Party of all the pertinent facts and make every effort to further prevent unauthorized disclosure, including (i) retrieving all copies of the Confidential Material or Highly Confidential Material from the recipient(s) thereof and (ii) securing the agreement of the recipient(s) not to disseminate the Confidential Material or Highly Confidential Material in any form.  Compliance with the foregoing shall not prevent the disclosing Party from seeking further relief from the Court.

12.     No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval.

13.     At the conclusion of this action, including any and all appeals arising there from, all Confidential Material or Highly Confidential Material, and any copies thereof, shall be returned to the Party furnishing the same within 60 days.  Alternatively, the Party to whom the Confidential or Highly Confidential Material was furnished may destroy all copies of the same with consent of the furnishing party, and must produce written documentation that the same was destroyed, within 60 days of the conclusion of the action.  Experts or consultants retained to assist counsel of record in this action must return any and all Confidential Material or Highly Confidential Material, and any copies thereof, including reports and the underlying information used to create the reports within 60 days of the conclusion of this action.  Alternatively, the expert or consultant to whom the Confidential or Highly Confidential Information was provided may return to the furnishing party all copies of the same to be destroyed by said Party, within 60 days of the conclusion of the action.  Said Party shall produce written documentation that the same was destroyed, also within 60 days of the conclusion of the action.  The final disposition of this action shall not relieve any person who has received Confidential Material or Highly Confidential Material pursuant to this Order from the obligation of maintaining the confidentiality of such material and the information in accordance with the terms of this Protective Order.  The Court shall retain jurisdiction after such final disposition for purposes of any application to enforce the terms of this Protective Order.

14.     After the case is closed in the District Court, the parties may obtain the return of any previously-sealed documents by a motion filed within six months after expiration of the last applicable appeal period.  Any documents that are not withdrawn by that time will be transferred

to the Federal Records Center for maintenance under the judiciary's Record Disposition Schedule, pursuant to the provisions of Local Rule 5.3(e).

15.     Should any person bound by this Protective Order receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material in any form, such person shall provide written notice of the subpoena, civil investigative demand, or other process from a third party requiring disclosure a minimum of ten business days prior to the date by which disclosure is required, unless a shorter time period for disclosure is required under the subpoena, civil investigative demand, or other process from a third party in which case such Party will provide notice as promptly as possible.  No person bound hereby who receives a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Material or Highly Confidential Material shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions herein and is expressly consented to by the Party having produced or supplied the Confidential Material or Highly Confidential Material, as the case may be.

16.     This Protective Order shall apply to pre-trial proceedings.  Furthermore, the Parties agree that they will enter into a separate protocol for the use of Confidential Material and Highly Confidential Material at trial.

17.     Nothing in this Protective Order shall prevent the Parties from agreeing to a separate protective order for Confidential Material or Highly Confidential Material which requires, in the judgment of the producing Party, additional protection.

18.     Nothing contained in this Protective Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in this Litigation or in any other Proceeding.

19.     Nothing in this Protective Order in any manner defines, expands or restricts the appropriate scope, nature, or extent of discovery in this Litigation.

20.     This Protective Order shall be binding on all Parties to this action, their officers, employees, agents, trustees, executors and respective counsel.

21.     This Protective Order shall operate as a binding agreement between and among the Parties.

22.     This Protective Order shall have no evidentiary value and shall not be admissible into evidence, except in an action to enforce this Protective Order or for a breach of its terms.

The provisions of this Protective Order shall survive the conclusion of this action.

3613721

IT IS SO ORDERED.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: June 26, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2009, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

AGREED TO IN FORM AND SUBSTANCE:

DENISE WILLIAMS

By: /s/with consent of Linda D. Friedman

Linda D. Friedman
Suzanne E. Bish
Jennifer S. Gilbert
Stowell & Friedman, Ltd.
321 S. Plymouth Court, Suite 1400
Chicago, IL  60604
(312) 431-0888

David M. Blanchard (P67190)
Nacht & Associates, P.C.
101 North Main Street, Ste. 555
Ann Arbor, MI  48104
(734) 663-7550

MORGAN STANLEY & CO.
INCORPORATED

By: /s/ Cameron J. Evans

Mark S. Dichter
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

Barry A. Hartstein
Andrew Scroggins
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601
(312) 324-1000

Cameron J. Evans (P47276)
Tara E. Mahoney (P68697)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Defendant
660 Woodward Avenue, Ste. 2290
Detroit, MI 48226
(313) 465-7370

3613721

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I have read and am familiar with the Agreed Protective Order (hereinafter "Protective Order") concerning discovery and use of Confidential Material and Highly Confidential Material in the case of <u>Williams v. Morgan Stanley & Co., Inc., et al.</u>, Case No. 08-cv-12435, a copy of which I possess, and I agree to be bound by all terms of said Protective Order and hereby covenant not to use or disclose the Confidential Material or Highly Confidential material to be disclosed to me except pursuant to said Protective Order.  I understand that the terms "Confidential Material" and "Highly Confidential Material" have the meanings provided in said Protective Order.  I agree I will return any and all Confidential Material or Highly Confidential Material, and any copies thereof, including reports and the underlying information used to create the reports to the counsel who provided the material within 60 days of the conclusion of this action.  Alternatively, if the parties so agree, as stated in Paragraph 13 of the "Protective Order," I will provide the Party from which I received the Confidential or Highly Confidential Material all copies in my possession of the same, for its destruction pursuant to the Order and agreement of the parties, within 60 days of the conclusion of the action. further understand and consent to the jurisdiction or the United States District Court for the Eastern District of Michigan with respect to any proceeding relating to enforcement of the Protective Order, including without limitation any proceeding for contempt.

Dated this _____ day of _____, 200__.


_____
Printed Name

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Home Telephone Number

_____
Work Telephone Number

14

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT FOR USE IN DEPOSITION**

I have been advised by counsel for the parties in the case of <u>Williams v. Morgan Stanley & Co., Inc., et al.</u>, Case Nos. 08-cv-12435, in which I am being deposed, that I will be shown documents and/or asked questions that involve Confidential Information related to this litigation as that term has been defined for the purposes of this lawsuit in a Protective Order that has been entered by the U.S. District Court for the Eastern District of Michigan (the "Court").

I understand and agree that I may not retain, copy, transfer or disclose any Confidential Information related to this litigation outside of this deposition and that, if I do so, I may be held in contempt by the Court. I further agree that, should I receive a subpoena, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Information related to this litigation in any form, I will promptly notify the lawyers for the Parties of such request made to me.

Dated this _____ day of _____, 200__.

_____
Printed Name

_____
Signature

_____
Home Address

_____
City, State, Zip Code

_____
Home Telephone Number

_____
Work Telephone Number

DETROIT.3730461

3613721

15