UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE WILLIAMS,

      Plaintiff,

v.

MORGAN STANLEY & CO., INC.,
DAVID DARST, MICHAEL CHU,
JOSEPH MICHALAK, MATTHEW
TURNBULL, JOSEPH GIRARDIN, TAAL
ASHMAN, SAM FLAM, KATHLEEN
FITZGERALD, and RONALD BULTMAN,

      Defendants.
_____/

Case No. 08-12435
Honorable Patrick J. Duggan

### ORDER GRANTING DEFENDANT JOSEPH MICHALAK'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CONSOLIDATED COMPLAINT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on January 13, 2010._____

PRESENT:   PATRICK J. DUGGAN
                  U.S. DISTRICT COURT

On June 6, 2008, Plaintiff filed this lawsuit against Defendants. Plaintiff filed an Amended Complaint against Defendants on October 20, 2008. Defendant Joseph Michalak timely filed his Answer to the Amended Complaint and Affirmative Defenses on April 7, 2009. Presently before the Court is Defendant Michalak's motion for leave to amend his Answer, filed July 14, 2009. Plaintiff has not filed a response to Defendant Michalak's motion, although she was informed by the Court after her counsel withdrew

and she decided to represent herself that she had until November 26, 2009 to do so.

In his motion, Defendant Michalak seeks to amend his Answer to paragraph 51 of Plaintiff's Amended Complaint where he states that he possesses knowledge of allegations made against Defendant Matthew Turnbull.  According to Defendant Michalak, he in fact has no such knowledge.  Defendant Michalak explains that "[t]he error occurred when [Defendant] Turnbull's answer mistakenly was copied into [Defendant] Michalak's Answer, and the substance of the response was not corrected." (Mot. ¶ 3.)

With respect to Defendant Michalak's Answer, Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a).  The rule further provides that leave should be freely given "when justice so requires."  *Id*.  Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the pleading.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986).

Defendant Michalak did not delay in filing his motion to amend his Answer.  He represents that he did not become aware of the error in his Answer until July 7, 2009. (Mot. ¶ 4.) He filed his motion shortly thereafter.  The Court cannot conceive of any prejudice to Plaintiff if Defendant Michalak is allowed to amend his Answer.

Accordingly,

**IT IS ORDERED**, that Defendant Michalak's Motion for Leave to File an

2

Amended Answer and Affirmative Defenses to Plaintiff's First Amended Consolidated Complaint is **GRANTED**;

     **IT IS FURTHER ORDERED**, that Defendant Michalak shall file the Amended Answer attached to his motion within seven (7) days of the date of this Order.


                                                  S/PATRICK J. DUGGAN
                                                  U.S. DISTRICT JUDGE

Copies to:
Ms. Denise Williams
4504 Sheridan
Detroit, MI 48214

Counsel of Record